**Ex Parte Jose Ernesto MEDELLIN.**

No. AP–75207.

Court of Criminal Appeals of Texas.

June 22, 2005.

Gary A. Taylor, Austin, for Appellant.

Roe Wilson, Asst. District Attorney, Houston, Matthew Paul, State's Atty., Austin, for Appellee.

### *ORDER*

PER CURIAM.

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure, Article 11.071, section 5.

On September 16, 1994, a jury convicted applicant of the offense of capital murder. He was sentenced to death on October 11, 1994. This Court affirmed applicant's conviction and sentence on direct appeal. *Me-*

*dellin v. State,* No. AP–71,997 (Tex.Crim. App. March 19, 1997).

Applicant timely filed an application for writ of habeas corpus in the convicting court and, for the first time, raised a claim alleging the violation of his rights under Article 36 of the Vienna Convention. The convicting court recommended that we deny this claim because applicant: (1) had failed to comply with the well-settled Texas contemporaneous-objection rule at trial; and (2) had no individually enforceable right to raise a claim, in a state criminal trial, regarding the Vienna Convention's consular access provisions. We adopted the trial court's findings of fact and conclusions of law and denied habeas relief. *Ex parte Medellin,* No. 50191–01 (Tex.Crim. App. October 3, 2001) (not designated for publication).

Applicant then filed a writ application in the federal district court, making the same claim. The federal district court, like this Court, denied relief on applicant's Vienna Convention claim, and it also denied a certificate of appealability. *Medellin v. Cockrell,* Civ. No. H–01–4078 (S.D. Tex. April 17, 2003). The federal district court concluded that (1) applicant defaulted on his Vienna Convention claim under the "adequate and independent state procedural rule" applied by the Texas state courts; (2) the Vienna Convention did not create individually enforceable rights and, hence, no judicial remedy is available for its enforcement; and, alternatively, (3) if the Vienna Convention did create individual rights, applicant was barred from asserting them by federal retroactivity principles set out by the Supreme Court in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); and (4) applicant could not demonstrate that the violation of the Vienna Convention affected the constitutional validity of his conviction and sentence.

Applicant then filed for a certificate of appealability in the Fifth Circuit Court of Appeals. While that matter was pending, the International Court of Justice (ICJ) issued a decision in *Case Concerning Avena and Other Mexican Nationals (Avena),* 2004 I.C.J. No. 128 (March 31, 2004). The ICJ held that (1) the Vienna Convention guaranteed individually enforceable rights; (2) the United States must "provide, by means of its own choosing, review and reconsideration of the convictions and sentences of the [specified] Mexican nationals"; and (3) the United States must determine whether the violations "caused actual prejudice" to those defendants, without allowing American procedural default rules or laws to bar such review. *Id.* at 121–22, 153. The Fifth Circuit, although acknowledging the *Avena* decision, denied applicant's request for a certificate of appealability. *Medellin v. Dretke,* 371 F.3d 270 (5th Cir.2004). First, it relied upon the Supreme Court's decision in *Breard v. Greene,* 523 U.S. 371, 118 S.Ct. 1352, 140 L.Ed.2d 529 (1998) (per curiam) in applying state and federal procedural default rules as a bar. Second, it relied upon its own prior holdings, such as *United States v. Jimenez–Nava,* 243 F.3d 192, 195 (5th Cir.2001), to conclude that the Vienna Convention did not create an individually enforceable right. *Medellin,* 371 F.3d at 279–80.

The United States Supreme Court granted certiorari in applicant's case to consider two questions:

first, whether a federal court is bound by the International Court of Justice's (ICJ) ruling that United States courts must reconsider petitioner Jose Medellin's claim for relief under the Vienna Convention on Consular Relations ...

without regard to procedural default doctrines; and second, whether a federal court should give effect, as a matter of judicial comity and uniform treaty interpretation to the ICJ's judgment.

*Medellin v. Dretke,* 544 U.S. 660, 125 S.Ct. 2088 (2005). After full briefing and oral argument, the Supreme Court dismissed the writ as improvidently granted. *Id.* at 2089. The Supreme Court explained that more than two months after granting certiorari and one month before oral argument, "President Bush issued a memorandum that stated that the United States would discharge its obligations under the *Avena* judgment by 'having State courts give effect to the [ICJ] decision in accordance with general principles of comity.'" *Id.* at 2094. Further, just four days before oral argument, applicant filed a subsequent writ application in state court and requested that the Supreme Court stay its proceeding pending our consideration of the same issues that applicant raised in the Supreme Court. *Id.*

In dismissing applicant's case, the Supreme Court set out "several threshold issues that could independently preclude federal habeas relief for Medellin, and thus render advisory or academic our consideration of the questions presented." *Id.* at 2090. Those issues, some of which are similar to the threshold issues that might independently preclude this Court from granting habeas relief on applicant's claim, are

(1) "[E]ven accepting, *arguendo,* the ICJ's construction of the Vienna Convention's consular access provisions, a violation of those provisions may not be cognizable in a federal habeas proceeding."

(2) "[W]ith respect to any claim the state court 'adjudicated on the merits,' habeas relief in federal court is available only if such adjudication

'was contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court.'"

(3) "[A] habeas petitioner generally cannot enforce a 'new rule of law.'"

(4) "Medellin requires a certificate of appealability in order to pursue the merits of his claim on appeal.... A certificate of appealability may be granted only where there is 'a substantial showing of the denial of a *constitutional* right.'"

(5) "Medellin can seek federal habeas relief only on claims that have been exhausted in state court."

*Id.* at 2090–2091. Based upon the Supreme Court's action in dismissing its case, applicant's subsequent writ is now ripe for consideration by this Court. But we, like the United States Supreme Court, must first determine whether state law, like corresponding federal law, might preclude review of applicant's claim.

Therefore, as a threshold matter, we order applicant to brief the issue of whether he meets the requirements for consideration of a subsequent application for writ of habeas corpus under the provisions of Article 11.071, section 5, of the Texas Code of Criminal Procedure. Applicant's brief shall be filed in this Court on or before July 29, 2005. The State of Texas shall respond on or before August 31, 2005.

The Attorney General of the United States is invited to present the views of the United States.

This case is set for submission to the Court on September 14, 2005. Oral argument on that date shall be permitted if so requested by either party.