IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-50,191-03






EX PARTE JOSÉ ERNESTO MEDELLÍN, (1) Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS, MOTION FOR LEAVE
TO FILE AN ORIGINAL WRIT OF HABEAS CORPUS, AND MOTION FOR
STAY OF EXECUTION FROM CAUSE NO. 675430

IN THE 339TH DISTRICT COURT

HARRIS COUNTY




 Per Curiam. Price, J., filed a concurring statement in which Cochran and
Holcomb, JJ., joined, except for Part V; Cochran, J., filed a concurring statement
in which Holcomb, J., joined; Meyers, J., filed a dissenting statement.


O R D E R



 We have before us a subsequent application for writ of habeas corpus filed
pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5, a
motion in the alternative for leave to file the application as an original writ of habeas
corpus, and a motion for stay of execution.

 On September 16, 1994, a jury found applicant guilty of the offense of capital
murder. The jury answered the special issues submitted pursuant to Texas Code of
Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Medellin v. State, No. AP-71,997 (Tex. Crim. App. Mar. 19, 1997) (not
designated for publication). Applicant timely filed in the convicting court his initial post-conviction application for writ of habeas corpus in which he raised a claim alleging the
violation of his rights under Article 36 of the Vienna Convention. The convicting court
recommended that we deny this claim because applicant: (1) had failed to comply with
the well-settled Texas contemporaneous-objection rule at trial; and (2) had no
individually enforceable right to raise a claim, in a state criminal trial, regarding the
Vienna Convention's consular access provisions. We adopted the trial court's findings of
fact and conclusions of law and denied habeas relief. Ex parte Medellin, No. WR-50,191-01 (Tex Crim. App. Oct. 3, 2001)(not designated for publication). Applicant then
filed the same claim in federal district court and was ultimately denied relief. Medellin v.
Cockrell, Civ. No. H-01-4078 (S.D. Tex. April 17, 2003). 

 On March 31, 2004, the International Court of Justice (ICJ) issued a decision in
Case Concerning Avena and Other Mexican Nationals (Avena), 2004 I.C.J. No. 128
(March 31, 2004). The ICJ held that (1) the Vienna Convention guaranteed individually
enforceable rights; (2) the United States must "provide, by means of its own choosing,
review and reconsideration of the convictions and sentences of the [specified] Mexican
nationals"; and (3) the United States must determine whether the violations "caused
actual prejudice" to those defendants, without allowing American procedural default rules
or laws to bar such review. Id. at 121-22, 153. In response to the opinion, President Bush
issued a memorandum in which he stated that the United States would discharge its
obligations under the Avena judgment by having State courts give effect to the ICJ
decision in accordance with general principles of comity. Arguing that the ICJ opinion
and the presidential memo were new legal and factual bases for his Vienna Convention
claim, applicant filed a subsequent application for writ of habeas corpus with the trial
court. Reviewing the claim under Article 11.071, § 5, this Court filed and set applicant's
case and ordered briefing. Ex parte Medellin, 206 S.W.3d 584 (Tex. Crim. App. 2005). 
After briefing, argument, and an exhaustive analysis, this Court determined that neither
the Avena decision nor the presidential memorandum constituted new legal or factual
bases and dismissed the application. Ex parte Medellin, 223 S.W.3d 315, 352 (Tex. Crim.
App. 2006). 

 On this, his second subsequent application for writ of habeas corpus, and in his
motion for a stay of execution, applicant again argues that new developments require us
to provide him with judicial review and reconsideration of his Vienna Convention claim
under Avena. (2) Applicant argues that these new developments consist of: (1) the United
States Supreme Court's decision in Medellin v. Texas, 552 U.S. (2008), affirming and
clarifying this Court's opinion in applicant's case; (2) the fact that a bill has been
introduced in the United States House of Representatives which, if passed into law, would
grant applicant a right to the judicial process required by Avena; (3) the indication by a
Texas Senator that he will introduce similar legislation in the Texas Legislature in the
2009 session; and (4) the fact that the Inter-American Commission on Human Rights,
allegedly the "only body to have reviewed all of the evidence pertaining to [applicant's]
Vienna Convention violation under the standard required by the ICJ," on July 24, 2008,
issued its preliminary findings concluding that applicant was prejudiced by the violation
of his Vienna Convention rights. Application p. 2.

 We have reviewed applicant's second subsequent application and find that it does
not meet the dictates of Article 11.071, § 5, and should be dismissed. Art. 11.071, § 5(a). 
Applicant's motion in the alternative for leave to file the application as an original writ of
habeas corpus is denied as is his motion for stay of execution. 

 IT IS SO ORDERED THIS THE 31ST DAY OF JULY, 2008.


Publish


1. Applicant filed the pleadings in this case under the name "José Ernesto Medellín Rojas." 
However, all of the prior papers filed in this Court, the papers filed in the United States Supreme Court,
and documents at the Texas Department of Criminal Justice were entered under the name "José Ernesto
Medellín." For consistency, we will continue to use the name "José Ernesto Medellín."
2. Applicant does not phrase his claims specifically in terms of the Vienna Convention. 
However, the Vienna Convention and the Avena judgment are the underlying bases of the claims raised.